**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GILBERT MORENO; et al., | No. 08-56813 |
| Plaintiffs - Appellants, | D.C. No. 3:06-cv-02196-DMS-PCL |
| v. | |
| ALSTOM POWER, INC; et al., | MEMORANDUM * |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted February 12, 2010**
Pasadena, California

Before: THOMAS and SILVERMAN, Circuit Judges, and BEISTLINE,*** Chief
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Ralph R. Beistline, United States District Judge for the
District of Alaska, sitting by designation.

Gilbert and Angela Moreno appeal the district court's summary judgment in favor of Mr. Moreno's former employer, United States Gypsum Company ("USGC"), in the Morenos' diversity action seeking to recover for personal injuries suffered by Mr. Moreno in an industrial accident. We affirm. Because the factual and procedural background is familiar to the parties, we need not recount it here.

The district court properly granted summary judgment. Ordinarily, when an employee is injured in the course and scope of his employment, the Workers' Compensation Appeals Board provides the only forum for relief. Cal. Lab. Code § 3602. However, California Labor Code section 4558 contains an exception to the general rule. If the injury is "proximately caused by the employer's knowing removal of, or knowing failure to install, a point of operation guard on a power press, and this removal or failure to install is specifically authorized by the employer under conditions known by the employer to create a probability of serious injury or death," the employee is not limited by Section 3602 and may bring his claim in a court of law. Cal. Lab. Code § 4558(b). Plaintiff contends that his injury falls within the ambit of Section 4558. We disagree.

Mr. Moreno's injury did not result from the removal of, or the failure to install, a point of operation guard on a power press. The pulley and conveyor belt

2

assembly on which Mr. Moreno was injured is not a "power press" within the meaning of section 4558(b).  Section 4558 defines power press as "any material-forming machine that utilizes a die which is designed for use in the manufacture of other products."  Cal. Lab. Code § 4558(a)(4).  A "die" is a "tool that imparts shape to material by pressing or impacting against or through the material, that is, by punching, stamping, or extruding."  *Rosales v. Deputy Ace Medical Co.*, 22 Cal.4th 279, 285 (2000).  Moreno argues that the conveyor belt assembly constitutes a "power press" because the conveyor belt, taper band and edge shoes impart shape to the edges of the wallboard as it moves down the conveyor belt.  However, neither the conveyor belt nor the taper band and edge shoes impart shape by "punching, stamping, or extruding" force upon the wallboard, and thus cannot constitute a "die" within the meaning of section 4558.

Moreno also argues that the head pulley is a "die" because buildup on the pulley causes imperfections to be "stamped" onto the wallboard.  However, the pulley does not directly stamp imperfections onto the wallboard.  Rather, buildup on the pulley causes a bump in the conveyor belt which, in turn, creates blemishes in the wallboard.  The pulley itself does not place any direct force onto the wallboard and thus cannot constitute a "die."  *See id.*

Moreover, even assuming the conveyor belt assembly can be considered a "power press," Mr. Moreno was not injured as a result of the removal of, or failure to install, a point of operation guard. We assume without deciding that plaintiffs correctly define "point of operation" as "the point where the workpiece [the wallboard] and the forming apparatus [the die] come together so that the workpiece can be formed by the forming apparatus." Mr. Moreno alleges that his accident was caused by the removal of the guard for the assembly's head pulley. The head pulley is located beneath the conveyor belt at a substantial distance from the point on the belt where the wallboard is "formed." Because the head pulley is not at the assembly's "point of operation," the removal of the guard for the head pulley – the alleged cause of Mr. Moreno's injuries – does not constitute the removal of a "point of operation" guard.

Because the statutory exception does not apply, the district court properly concluded that the exclusive remedy provisions of the Workers' Compensation Act preclude relief in this case.

**AFFIRMED.**

4